```
David A. Tilem (Bar No. 103825)
LAW OFFICES OF DAVID A. TILEM
206 North Jackson Street, Suite 201
Glendale, California 91206
Telephone:(818) 507-6000
Facsimile:(818) 507-6800

Attorneys for Defendant David A. Tilem
```

**UNITED STATES BANKRUPCTY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| In re<br><br>Silicon Valley Telecom Exchange, LLC,<br><br>　　　　　Debtor.<br>──────────────────────────<br>Silicon Valley Telecom Exchange, LLC, ( SVTX )<br><br>vs.<br><br>CORPORATE BUILDERS, INC.; DAVID A. TILEM; WILLIAM HERTZ, III; Randall Lamb Associates; and BergElectric Corporation,<br><br>　　　　　Defendants. | BANKRUPTCY COURT CASE No. 01-55137 WSJ (San Jose)<br><br>Chapter 11<br><br>ADVERSARY CASE No. 08-05001 WSJ (San Jose)<br><br>Transferred Adversary Case No. (Los Angeles): 2:08-ap-02039-ER<br><br>**APPLICATION FOR ORDER RELEASING FUNDS DEPOSITED BY DEBTOR SILICON VALLEY TELECOM EXCHANGE, LLC AFTER JUDGMENT** |

TO THE HONORABLE ARTHUR S. WEISSBRODT, UNITED STATES BANKRUPTCY JUDGE:

**COMES NOW** Defendant, David A. Tilem, individually and on behalf of all named defendants in the above identified action, filing this Ex Parte Application for an Order distributing funds deposited with the Court by Debtor Silicon Valley Telecom Exchange, LLC, upon obtaining a final judgment on the Interpleader Action as

follows:

1. On October 22, 2001, Debtor, SVTX, filed its Chapter 11 petition for relief.[1] During the course of the case, Creditor Corporate Builders, Inc. ("CBI") raised numerous issues, claims and objections to confirmation of several plans put forth by the Debtor.

2. Defendant David A. Tilem was counsel for CBI through July of 2006, when this Court granted motions permitting David A. Tilem and the Law Offices of David A. Tilem to withdraw as counsel for CBI in this case and several adversaries which had been filed. Thereafter, CBI retained other counsel, and ultimately settled its dispute with SVTX under terms approved by this Court on May 18, 2007.

3. As a result of the settlement, SVTX was able to obtain plan approval. Entry of an Order confirming the plan of reorganization filed by SVTX was entered on September 26, 2007. The plan provided for periodic payments to CBI based on its approved claim.

4. Thereafter, SVTX sought to make a payment on its Chapter 11 plan to CBI, but other parties having claims against CBI had filed liens against CBI's recovery under SVTX's plan. As a consequence on January 2, 2008, SVTX filed an Interpleader Action with this Court, naming CBI and its creditors as defendants. The Interpleader Action is entitled <u>Silicon Valley Telecom Exchange, LLC vs. Corporate Builders, Inc.; David A. Tilem; William Hertz,</u>

---

[1] This was one of three related Chapter 11 bankruptcies filed the sa This was o TheThe others were <u>In re Rubio & Associates</u>, case no. 01-, case no. 01-551375, and ValleyValley Telecom and Internet Exchange, case no. 01-551376. These two case, cas respectively closed or dismissed without confirmation.

1 | *III; Randall Lamb Associates; and BergElectric Corporation*, and
2 | bore case number 08-05001.
3 |     5.  After filing and serving the adversary, SVTX filed a
4 | motion to deposit funds with this Court, recover attorney fees for
5 | doing so and release SVTX from any further exposure to the parties
6 | from its distribution.
7 |     6.  In response to the adversary, Defendant David A. Tilem
8 | filed a motion to dismiss or to transfer the adversary.
9 |     7.  Both motions were heard on March 18, 2008. After
10 | consideration of the moving and opposing papers, the positions of
11 | the parties and the Court's comments, the parties agreed to
12 | transfer the adversary to the U.S. District Court for the Central
13 | District, Western Division and that SVTX's motion to deposit funds
14 | be granted, with SVTX retaining the sum of $2,000 as attorney fees.
15 | After preparation and filing of a proper Stipulation, the Court
16 | issued an Order transferring the adversary on May 9, 2008 and an
17 | amended Order permitting SVTX's deposit of funds on May 21, 2008.
18 |     8.  The Amended Order of May 21, 2008 to permit deposit is
19 | attached to the accompanying Declaration of Barry R. Wegman as
20 | Exhibit A and incorporated herein by reference as though fully set
21 | forth. The import of the Order is that a Stipulation or Order
22 | regarding distribution of the interpleaded funds would be required
23 | before distribution.
24 |     9.  While waiting for notice of transfer to the U.S. District
25 | Court, the parties agreed to mediate their dispute and did so on
26 | August 3, 2008. The mediator was Phyllis G. Pollack who
27 | successfully mediated all disputes, which have been reduced to a
28 | final Settlement Agreement.

7.   After notice of assignment of the matter in the District Court, the honorable Judge A. Howard Matz took the position that the District Court did not have jurisdiction and transferred the matter to the U.S. Bankruptcy Court for the Central District, where it was assigned to the Courtroom of the honorable Judge Ernest L. Robles.

8.   On or about January 9, 2009, the parties collectively submitted a fully executed Stipulation for Entry of Judgment and Order distributing the funds held by the U.S. Bankruptcy Court for the Northern District.  The Stipulation contains a copy of a fully executed Settlement Agreement and Mutual Release wherein the parties  mediator, Phyllis G. Pollack, agreed to be a trustee with respect to receipt and distribution of any proceeds paid by SVTX in satisfaction of its plan obligations to CBI.  A true and correct copy of the Stipulation and its exhibits is attached to the accompanying Declaration of Barry R. Wegman as Exhibit B and incorporated herein by reference as though fully set forth.

9.   On January 23, 2009, Judge Robles signed the Judgment and Order disbursing the deposited funds.  A true and correct copy of the Judgment is attached to the accompanying Declaration of Barry R. Wegman as Exhibit C and incorporated herein as though fully set forth.

10.   This commenced the process of having the funds held by the U.S. Bankruptcy Court for the Northern District tendered to Phyllis G. Pollack in accordance with Judge Robles  Order.

11.   Counsel for David A. Tilem was advised that funds interpled with this Court are managed through the U.S. Bankruptcy Clerk s Office in San Francisco and instructed to send a certified

copy of Judge Robles Judgment. Notwithstanding, counsel was later informed that an Order from the honorable Judge Arthur S. Weisbrodt would be required before the Clerk s Office will distribute the funds.

**WHEREFORE**, Defendant David A. Tilem, prays as follows:

For an Order directing the Clerk of the U.S. Bankruptcy Court for the Northern District of California to distribute the funds deposited pursuant to the Order attached to the accompanying Declaration of Barry R. Wegman as Exhibit A and entered on May 21, 2008 to Phyllis G. Pollack, pursuant to the Stipulation between the parties attached to the accompanying Declaration of Barry R. Wegman as Exhibit B and the Final Judgment attached to the accompanying Declaration of Barry R. Wegman as Exhibit C.

Dated: February 27, 2009          Law Offices of David A. Tilem

By: /s/David A. Tilem
David A. Tilem, attorney for
Defendant, David A. Tilem